# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

IN THE MATTER OF THE APPLICATION OF WILLIAM E. HAXTON
A CREDITOR OF SARAH E. AKIN, DECEASED, FOR AUTHORITY
TO MORTGAGE, ETC., REAL PROPERTY OF SAID DECEASED FOR
PAYMENT OF HER DEBTS.

*Sale of real estate of a deceased person to pay his debts — the surrogate cannot enter-
tain the proceedings upon the application of a creditor whose claim has been rejected
by the executor.*

APPEAL from a decree of the surrogate of Dutchess county,
directing a sale of the real estate of a decedent to pay his debts.

The court at General Term said: "On the 5th June, 1882,
William E. Haxton presented a claim against Sarah E. Akin's
estate for $1,511.32. The claim was rejected by her executor; it
does not appear when, but it must have been almost immediately,
for on the 28th August, 1882, the petitioner presents the petition
in this proceeding to sell the real estate of Mrs. Akin to pay the
debt. In this petition the rejection of the claim is stated. There
is no other claim against the deceased. Under this state of facts
the surrogate had no jurisdiction of the subject matter. The Code
is not essentially different from the Revised Statutes in respect to
the sale of lands of deceased persons to pay debts. By the Revised
Statutes the surrogate 'was to ascertain the valid and subsisting
debts.' (2 R. S., 102, *et seq.*, §§ 13–41.) Under the Code the decree
must determine and specify such a valid and subsisting debt. (Code,
§ 2758.) After the sale other debts may be proven, and the decree
is not more than presumptive evidence of the validity of these debts
established by it. (Sec. 2788.) Under the Revised Statutes it was
uniformly held that the surrogate had no power to adjudicate upon
a claim rejected by the executor or administrator. He must await

the ascertainment by judgment. (*Tucker* v. *Tucker*, 4 Keyes, 136; *Riggs* v. *Cragg*, 89 N. Y., 491.) If the claim was ever good it is now barred by the short statute of limitations. (Code, § 1822.) This section is strong proof that no new rule in reference to the powers of surrogates upon the subject of disputed claims was intended by the Code. The section provides that unless 'an action' is commenced upon a disputed and rejected claim which is due, in six months after the rejection, the claimant, and all persons claiming under him are forever barred from an action, 'and from every other remedy to enforce the payment thereof.' When this claim was ascertained by decree it had ceased to be good under this section. An application to sell lands for payment of a debt is not an action within the meaning of this section." * * *

*A. M. & G. Card,* for the executor, appellant.

*Herrick & Losey* and *Milton A. Fowler,* for the petitioner, respondent.

Opinion by Barnard, P. J.; Dykman and Pratt, JJ., concurred.

Decree of surrogate reversed and proceedings remitted to surrogate to dismiss petition.